J-A11037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JENNA MARIE SCOTT, A MINOR BY AND THROUGH HER GUARDIAN AD LITEM, JUDITH ALGEO, ESQUIRE<br><br>v.<br><br>LOWER BUCKS HOSPITAL, AMY L. HARVEY, M.D., MARK D. KUHN, M.D., LAURA CASTNER, RN, JO ANN BUTRICA, RN, AND MARY (BOYLE) ROMOLINI, RN<br><br>APPEAL OF: AMY L. HARVEY, M.D., AND MARK D. KUHN, M.D. | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br>No. 1140 EDA 2015 |

Appeal from the Order Entered April 10, 2015
in the Court of Common Pleas of Bucks County Civil Division
at No(s): 2010-01193

| | |
|---|---|
| JENNA MARIE SCOTT, A MINOR BY AND THROUGH HER GUARDIAN AD LITEM, JUDITH ALGEO, ESQUIRE<br><br>v.<br><br>LOWER BUCKS HOSPITAL, AMY L. HARVEY, M.D., MARK D. KUHN, M.D., LAURA CASTNER, RN, JO ANN BUTRICA, RN, AND MARY (BOYLE) ROMOLINI, RN<br><br>APPEAL OF: LOWER BUCKS HOSPITAL, LAURA CASTNER, RN, JO ANN BUTRICA, RN AND MARY (BOYLE) ROMOLINI, RN | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br>No. 1306 EDA 2015 |

Appeal from the Order Entered April 10, 2015
in the Court of Common Pleas of Bucks County Civil Division
at No(s): 2010-01193

J-A11037-16

BEFORE: SHOGAN, MUNDY, and FITZGERALD,* JJ.

CONCURRING AND DISSENTING STATEMENT BY FITZGERALD, J.:**FILED JULY 21, 2016**

I respectfully concur in part and dissent in part for two reasons. First, Appellee's counsel did not move for a mistrial in response to the sustained objections to Appellants' counsel's improper questioning. The jury, however, found in favor of Appellants. The majority awards Appellee with a new trial despite her counsel's failure to request a mistrial until **after** the jury reached its verdict. This is too late.

Rather, it is incumbent upon the movant to **timely** move for a mistrial. *McMillen v. 84 Lumber, Inc.*, 649 A.2d 932, 934 (Pa. 1994). In *McMillen*, the trial court granted the plaintiffs' motion *in limine* barring the defendant from referencing certain testimony. *Id.* at 933. "In direct defiance of the trial court's explicit instructions," defendant's counsel elicited the precluded testimony. *Id.*

> [Plaintiffs'] counsel interposed an objection that the trial court sustained. At this point, the proverbial cat was out of the bag, but [the plaintiffs'] counsel did not ask for a mistrial to which they were surely entitled. [The plaintiffs'] counsel apparently gambled that they could still win before the jury already empaneled as opposed to incurring the expenditure of time and money that would necessarily occur if a mistrial were granted and a new trial ordered. They lost.

*Id.*

---

* Former Justice specially assigned to the Superior Court.

- 2 -

In their post-trial motion, the plaintiffs requested a new trial for the first time based upon the defendant's violation of the court's pretrial order. *Id.* at 934. The trial court, sitting *en banc*, denied "the request for a new trial on the grounds that the right to a new trial had been waived because [the plaintiffs] had not made a timely request for the declaration of a mistrial." *Id.* The plaintiffs appealed to the Superior Court, which reversed, reasoning "a strong public interest appeared to outweigh the ordinary need to protect the judicial system from improperly preserved issues." *Id.*

The Pennsylvania Supreme Court held the Superior Court misconstrued the law, reversed the Superior Court, and affirmed the trial court's denial of a new trial. *Id.* The **McMillen** Court commanded that a party cannot wait until an adverse jury verdict before requesting a mistrial:

> Aside from capital cases in the domain of criminal law- where a human life is at stake, no fact situations have been presented to us, and none readily comes to mind, where this narrow public interest exception would justify departure from the waiver rule. This is a fairly routine civil case. However difficult some strategic decisions are to trial counsel, a party is bound by his or her counsel's actions and if an issue is waived on strategic grounds or by inadvertence, it is waived. The rule may be harsh at times, but litigation must eventually come to an end. . . . To adopt the Superior Court's approach would substantially eviscerate the waiver principle and, taken to its logical conclusion, would result in endless retrials and endless appeals. That is contrary to sound principles of judicial administration and to prior decisions of this Court.

*Id.*

The precept that a party shall **timely** request a mistrial and not raise it for the first time in a post-trial motion is illustrated in ***Poust v. Hylton***, 940 A.2d 380 (Pa. Super. 2007). In ***Poust***, the trial court precluded defense counsel from using the word "cocaine" with respect to the deceased victim. ***Id.*** at 381. During cross-examination of the plaintiff's expert, defense counsel asked about the presence of a cocaine metabolite in the victim. ***Id.*** at 383. Plaintiff's counsel objected, the court sustained the objection, and after the jury left the courtroom, the plaintiff moved for a mistrial. ***Id.*** The court denied plaintiff's motion for a mistrial and declined to give a curative instruction. ***Id.*** at 384. The plaintiff ultimately appealed, and this Court reversed, as "[u]nder Pennsylvania law, [the plaintiff] was entitled to the declaration of a mistrial, ipso facto, immediately upon [defense] counsel's flagrant and intentional use of this obviously prejudicial word 'cocaine', in violation of the prior pre-trial preclusion order of the trial court." ***Id.*** at 385.

For the instant case, I distinguish a party's timely request for a mistrial from the trial court's inherent authority to award a new trial *sua sponte*. ***See*** Majority Slip Op. at 6-7 (citing caselaw for proposition that court can *sua sponte* grant a new trial). The trial court did not grant a new trial *sua sponte*. The trial court granted a new trial in response to Appellee's post-trial motion for a new trial. I thus suggest we are bound by our Supreme Court's reasoning in ***McMillen***. ***See McMillen***, 649 A.2d at 934.

Second, I discern no basis for us to exercise appellate jurisdiction over the Hospital's appeal of its post-trial motion for judgment notwithstanding the verdict. The trial court granted Appellee's motion for a new trial after an adverse jury verdict. The verdict no longer exists. Thus, I question whether the trial court could even resolve—let alone grant—the Hospital's motion for judgment notwithstanding the (non-existent) verdict—a verdict that was in Hospital's favor.[1] Regardless, the court never ruled on Hospital's post-trial motion. The Hospital did not praecipe for judgment. Nothing in Pennsylvania Rule of Civil Procedure 227.4 permits us to review a non-existent order. And the Hospital appealed only from the court's grant of Appellee's motion for a new trial. Notice of Appeal, 4/28/15. I otherwise concur in the majority's disposition of the guardian *ad litem* fees. Accordingly, I concur in part and dissent in part.

---

[1] This is not a situation where one party files both a motion for a new trial and a motion for judgment notwithstanding the verdict, but the trial court only rules on one.

- 5 -